Mr. Justice.ThacheR
delivered the opinion of the court.
The appellant purchased a lot of land from the trustees of the *87 town of Emery, in Holmes county, and gave his promissory note as security for the purchase money. On the trial, he tendered a witness to prove certain false representations made by the trustees-at the time of the sale of the lot mentioned, which trustees are the payees of the note sued upon, and also to show that the lot of land had become of no value in consequence of the neglect of the trustees to make their promised improvements in the town of Emery, which were the inducements to the purchase.
The testimony offered was designed by the defendant below to impeach the legality of the whole contract on the score of fraud, and to show a total failure of the consideration of the note.
It has been repeatedly decided that courts of law have concurrent jurisdiction with courts of equity upon questions of fraud. Fraud saps the foundation of every contract in which it exists, and, where it evinces that a plaintiff is not entitled to recover anything because of its existence, is properly cognizable by a court of law. It has also frequently been decided, that a failure of consideration, as well partial as total, may be introduced legitimately in evidence in an action at law upon a promissory note, because such defence may diminish the multiplicity and circuity of actions, which it is the policy of the law to discourage. These points have been so often settled that they demand no reference to authorities in their support.
The testimony rejected in the court below, as appears by the bill of exceptions, was to the effect that the lot of land, the consideration of the note, was of “no value,” and was so in consequence of the neglect of the payees of the note to perform certain things that constituted a part of the original contract of the sale of the land. If the testimony had been introduced, it might have had a tendency in the minds of a jury to have produced a result different from what appears by the record. The evidence was of a kind competent and admissible upon a trial of this description, and appropriate for the consideration of the jury. The defendant could reap no benefit in an action upon the covenants in the conveyance, if it contained any, because they go only to the title and not to the value of the land.
*88 It was fairly a,question' for the jury to say, whether the note, in the case under our consideration, was procured upon the false representation of the payees, in which case it was utterly void, and the evidence was therefore a complete bar to the action j and it was also its province to inquire and find whether the consideration had totally and utterly failed, in which event the evidence would show that there never vwas any cause of action. The rejected testimony might have formed a link in a chain of evidence completely substantiating one or the other or both of these positions. Whatever was its force, the defendant had a right that a jury should weigh and decide upon it.
It is necessary, further, to examine this proposed evidence with reference to the state of pleadings in the action. The plea of non assumpsit was alone plead to the declaration. Under this plea, I conceive the defence might properly be tendered. Fraud in the .contract, or a total failure or want of consideration answers an action upon, a note, and such defence is legitimate under the general issue, because it reaches to the cause of action, and the validity of the contract. 11 J. R. 50. 15 J. R. 230. But a defence that fell short of either of these, I am led to believe, in a case like the one before us, would require and compel some special notice and advertisement to the opposite party of its nature and extent. Many authorities hold that a partial failure of consideration of a note is inadmissible under the general issue. 11 J. R. 547. 15 J. R. 230. 13 J. R. 56. Chitty lays down the rule, (1 Chitty PL 47,) which the authorities seem to support, that under the general issue of non as-sumpsit, any matter may be introduced in evidence, which manifests that, the plaintiff never had any cause of action, and, in general, rpost matters in discharge of the whole action. A plaintiff is supposed to be always ready to meet the objection that he has no subsisting, cause of action, but to defences in mitigation and diminution of his damages and demand, he may yell be uninformed and taken by surprise. It is a commonly received as well as just rule of pleading which requires that the plaintiff should be apprized of the facts upon which his defendant relies, so that he may be prepared to shape his answer, and *89 encounter the opposition. 1 Chit. PI. 215. These remarks apply to cases where the plaintiff seeks to recover a sum agreed upon, and not necessarily where he proceeds upon a quantum meruit, or, generally, for unliquidated damages.
The judgment of the court below must be reversed, and a new trial awarded.